. JOSEPH K. WELLS

*v.*

MARIE LOUISE WELLS.

1. The act of 1880 (*P. L. of 1880 p. 52*), "that in all civil actions, in any court of law or equity of this state, any party thereto may be sworn and examined as a witness, notwithstanding any party thereto may sue or be sued in a representative capacity; *provided, nevertheless,* that this supplement shall not extend so as to permit testimony to be given as to any transaction with, or statement by any testator or intestate represented in said action," does not, by virtue of its provision that any *party* to any action may be sworn, remove the prior statutory disqualification of a husband or wife, in a suit for divorce on the ground of adultery, to testify to anything except the fact of marriage.

2. In a suit by a husband for divorce from his wife on the ground of adultery, a non-resident detective had been employed by the husband, and examined by him in reference to one matter only, and cross-examined by the wife's counsel, after which he left the state.—*Held*, that the court would not order the husband to produce him again for examination by the wife as to other matters; nor would the husband be ordered to produce the correspondence between himself and such detective during the latter's employment by the husband, such letters being in the hands of the detective and not at all under the husband's control.

Bill for divorce *a vinculo.*

*Mr. I. W. Scudder,* for complainant.

*Mr. J. D. Bedle,* for defendant.

THE CHANCELLOR.

In the course of the examination of witnesses in this cause, two questions have arisen : One as to the admissibility of the defend-

Wells *v.* Wells.

ant (the suit is for a divorce on the ground of adultery) as a witness, to disprove the crime charged upon her; and the other as to whether the court will require the complainant to bring again upon the witness-stand, for examination by the defendant in her defence, James Irving, a detective officer, who has been examined as a witness by the complainant, and, having been cross-examined and having signed his testimony, has left the state; and to produce certain documents which, it appears from Irving's testimony, he has in his possession or under his control, being letters from the complainant to him, and copies of his answers thereto. By the third section of the act concerning evidence (*Rev. p. 378*), it is provided that parties may be witnesses in their own behalf, except when the opposite party is prohibited by any legal disability from being sworn as a witness, or either of the parties sues or is sued in a representative capacity, except as subsequently provided by the act. By the fifth section, the husband or wife of a party or other person interested in a suit is made a competent witness for such party or person, and it is provided that he or she may be compelled to give evidence for such party or person, but that nothing contained in the section shall render any husband or wife competent or compellable to give evidence for or against the other in any criminal action or proceeding, or in any action or proceeding for divorce on account of adultery, except to prove the fact of marriage, or in any action for criminal conversation, or compellable to disclose any confidential communications made by the one to the other during the marriage. In *Marsh* v. *Marsh, 2 Stew. Eq. 296,* it was held by the court of errors and appeals, construing the act, that in a suit for divorce for adultery, neither husband nor wife is a competent witness to prove or disprove the charge. But it is insisted that by the supplement to the act (*P. L. of 1880 p. 52*), that disability is wholly removed. The supplement provides that in all civil actions, in any court of law or equity, any party thereto may be sworn and examined as a witness, notwithstanding any party thereto may sue or be sued in a representative capacity; provided, however, that it shall not extend so as to permit testimony to be given as to any transaction with or statement by any

testator or intestate represented in such action. Neither directly nor by implication does this supplement remove the disability imposed by the fifth section of the act. It obviously was intended merely to remove the disability specified in the proviso of the third section of the act. As the act stood when the supplement was passed, a party might be sworn and examined as a witness in his own behalf, provided the other party was not under any legal disability from being a witness, or was not suing or being sued in a representative capacity, and a wife or husband of a party was competent and might be compelled to give evidence in a suit, except that no husband or wife should be competent or compellable to give evidence for or against the other in any criminal action or proceeding, or in any action or proceeding for divorce on account of adultery, except to prove the fact of marriage, or in any action for criminal conversation, and should not be compellable to disclose confidential communications made by the one to the other during the marriage. The supplement, while it partially removes the disability of parties which was occasioned by the fact that the adversary sued or was sued in a representative character, goes no further, and does not remove or affect the disability and privileges declared by the proviso of the fifth section. By its terms it is manifestly confined in its operation to the partial repeal of the disqualifying exception just referred to in the third section. The defendant is not a competent witness in the cause to disprove the charge of adultery.

She insists that the court should require the complainant to produce the witness Irving, who resides out of this state, for examination by her in her behalf, and to produce, also, the letters received by Irving from the complainant, and the copies of those written and sent by him to the complainant during the period of his employment by the latter as a detective, in reference to the matter in controversy in this suit. The complainant examined Irving about a certain ring alone, and it is not claimed that the letters are to be used to contradict his testimony in reference to that matter, but they are to be used to show condonation by the complainant of the defendant's adultery, if indeed she was guilty of that offence. That is to say, the defendant asks that the court

shall not only require the complainant to produce the witness, to be examined by her in her behalf, but shall require him to see to it that the witness produces at the same time, for inspection by her, the letters which the complainant sent to the witness, and the copies of the letters sent by the witness to the complainant. It is not claimed that these letters and copies are in the hands of the complainant or under his control. It is proved that they are in the hands or under the control of the witness. I can see no principle on which this application can be granted in either of its branches. The complainant is not bound to keep his witness in court until the defendant may have determined whether she will examine him in her own behalf or not. If a witness residing out of the state is here to testify for one party, and the other desires to take his testimony in his behalf while he is here, the statute points out a way to obtain it; and, apart from the statute, the court would, on application, effectively aid the party in obtaining the testimony. When a party has kept his witness in court until the cross-examination is ended, he may then suffer him to depart; he is not bound to detain him longer. Nor can he be required to see to it that the witness produces, at the demand of the other party, documents for use by the latter as part of his proof, unless they become so upon legitimate cross-examination of the witness. The application is denied.